IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01988-PAB-KMT

RYAN ARCHER,
HEATHER ARCHER,
DR. CRAIG CHAN,
HERB GULLINGSRUD,
CAROL GULLINGSRUD,
DAVID HANNA,
COLLEEN HANNA,
DANIEL HOGAN,
DIANE HOGAN,
SUSAN KILMAN,
PAT MIHALIK,
LARRY NELSON
ANNETTE NELSON,
LARRY SCOTT,
LYNN SCOTT
WILLIAM SHANAHAN,
LISE SHANAHAN,
DONNA WOLOSIN,
JAMES WOLOSIN, and
ROBERT MIHALIK

  Plaintiffs,

v.

WALLACE DARLING,
LAKEWOOD HILLS INVESTMENTS, LLC,
UNIVERSAL REAL ESTATE INVESTMENTS CORPORATION,
LAND PROPERTIES, INC.,
LITTLE RIVER RANCH, LLC,
SCOTT MCDOWELL,
ASSURITY FINANCIAL SERVICES, LLC,
SUNTRUST MORTGAGE, INC.,
NATIONAL CITY MORTGAGE COMPANY,
QUADSTAR MORTGAGE, Does 1-20, doing business as Quadstar,
DANA LYNN ROCK,
DAVID MARTIN,
CENTRAL COLORADO TITLE & ESCROW, INC.,

  Defendants.

## ORDER DENYING TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court upon the plaintiffs' Motion for Temporary Restraining Order and Request for a Preliminary Injunction filed on October 14, 2009 [Docket No. 51]. Local Rule 7.1 prohibits consideration of "any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule." Plaintiffs' counsel has not certified compliance with Local Rule 7.1. Furthermore, Local Rule 65.1(A) imposes requirements, in addition to those found in Local Rule 7.1, on parties seeking a temporary restraining order and makes clear that "[e]xcept in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order." Local Rule 65.1(A)(2)

Here, plaintiffs' counsel has not complied with the conferral and notice requirements of Local Rules 7.1 and 65.1(A). Plaintiffs seek an ex parte restraining order, *see* Alfred Declaration ¶ 1 ("This declaration is submitted in support of Plaintiffs' Ex Parte Application for Temporary Restraining Order and Request for Preliminary Injunction."), and cite the exceptions provided for in Fed. R. Civ. P. 65(b). Plaintiffs assert that they "will suffer great and immediate irreparable harm in that Defendants will thus sell the property or cause the property to be sold." Pl.'s Mot. at 2 [Docket No. 51] . In support of that contention, they have attached documents to their motion that

indicate that certain properties at issue have entered foreclosure proceedings.  *See* Ex. A to Pl.'s Mot. [Docket No. 51-2].  They have not, however, provided the court with "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added).  Moreover, plaintiffs' counsel has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required," Fed. R. Civ. P. 65(b)(1)(B), having only attached a certificate of service to the motion. [Docket No. 51-9].

Furthermore, plaintiffs have not complied with Local Rule 65.1(C), which requires that a "properly completed temporary restraining order information sheet shall be given to the clerk at the time of filing of the motion for temporary restraining order."[1]

Finally, at least one exhibit submitted with plaintiffs' motion contains personally identifying banking information.

The Court can decide the motion without a hearing in light of plaintiffs' failure to comply with Local Rules 7.1 and 65.1.[2]  Due to those failures to comply with the Local Rules, it is

**ORDERED** that plaintiffs' Motion for Temporary Restraining Order and Request for Preliminary Injunction [Docket No. 51] is denied without prejudice.  It is further

---

[1] The information sheet can be found in Appendix I to the Local Rules.

[2] In any event, the information sheet required by Local Rule 65.1(C) provides the opportunity to request a hearing on a requested temporary restraining order as well as to estimate the required length for such a hearing.  As indicated, plaintiffs have not submitted that information sheet.  Furthermore, they have requested that "a temporary restraining order should immediately issue, and a preliminary injunction should issue after a proper hearing." *See* Pls.' Mot. for Temporary Restraining Order, at 10.

**ORDERED** that the exhibits to the motion be stricken from the docket and that plaintiffs shall redact any confidential personal information from any future filings or, if appropriate, file any documents containing such information under seal.

DATED October 20, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge