IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01988–PAB–KMT

RYAN ARCHER,
HEATHER ARCHER,
DR. CRAIG CHAN,
HERB GULLINGSRUD,
CAROL GULLINGSRUD,
DAVID HANNA,
COLLEEN HANNA,
DANIEL HOGAN,
DIANE HOGAN,
SUSAN KILMAN,
PATRICIA MIHALIK,
ROBERT MIHALIK,
LARRY NELSON,
ANNETTE NELSON,
LARRY SCOTT,
YNN SCOTT,
WILLIAM SHANAHAN,
LISE SHANAHAN,
DONNA WILOSIN, and
JAMES WOLOSIN,

    Plaintiffs,

v.

WALLACE DARLING,
DANA LYNN ROCK,
SCOTT McDOWELL,
DAVID MATIN,
LAKEWOOD HILLS INVESTMENTS, LLC,
UNIVERSAL REAL ESTATE INVESTMENTS CORP.,
LAND PROPERTIES, INC.,
LITTLE RIVER RANCH, LLC,
CENTRAL COLORADO TITLE & ESCROW, INC.,
ASSURITY FINANCIAL SERVICES, LLC,
SUNTRUST MORTGAGE, INC.,

NATIONAL CITY MORTGAGE CO.,
WUADSTART MORTGAGE, LLC, and
DOES 1 - 10,

    Defendants.

## ORDER

This matter is before the court on the "Unopposed Motion for Leave to File an Amended Complaint by Plaintiffs." ([Doc. No. 48] [filed October 9, 2009] [hereinafter "Mot."].)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The court finds no showing of undue delay, bad faith, dilatory motive, or repeated failure on the part of Plaintiff to cure deficiencies by amendments previously allowed. The Motion is unopposed, and the court finds no undue prejudice to the defendants by virtue of allowance of the amendment. The court also finds that Plaintiff's amendments are not futile. It is therefore

**ORDERED** that "Unopposed Motion for Leave to File an Amended Complaint by Plaintiffs" (Doc. No. 48) is **GRANTED**. Plaintiffs are

**ORDERED** to file the Second Amended Complaint (Doc. No. 48-5) no later than November 9, 2009, complying with Local Rule 10.1 of the Local Rules of Practice for the District of Colorado; Section V.H.3 of the Electronic Case Filing Procedures for the United States District Court for the District of Colorado; and Judge Brimmer's Civil Practice Standards.

Dated this 5th day of November, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge