IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**


Civil Action No. 09–cv–01988–PAB–KMT


RYAN ARCHER,
HEATHER ARCHER,
DR. CRAIG CHAN,
HERB GULLINGSRUD,
CAROL GULLINGSRUD,
DAVID HANNA,
COLLEEN HANNA,
DANIEL HOGAN,
DIANE HOGAN,
ROBERT MIHALIK,
PATRICIA MIHALIK,
SUSAN KILLMAN
LARRY NELSON,
ANNETTE NELSON,
LARRY SCOTT,
LYNN SCOTT,
WILLIAM SHANAHAN,
LISE SHANAHAN,
DONNA WOLOSIN, and
JAMES WOLOSIN,

      Plaintiffs,

v.

WALLACE DARLING,
DANA LYNN ROCK,
SCOTT McDOWELL,
LAKEWOOD HILLS INVESTMENTS, LLC,
UNIVERSAL REAL ESTATE INVESTMENTS CORPORATION,
SUNTRUST MORTGAGE, INC.,
NATIONAL CITY MORTGAGE CO.,
QUADSTAR MORTGAGE, LLC, a/k/a NEW COLORADO MORTGAGE, LLC,

ONE WEST BANK, f/k/a INDYMAC, and
DOES 1-10,

      Defendants.

---

# ORDER

---

      This matter is before the court on Defendant OneWest Bank's (hereinafter "OneWest")

"Unopposed Motion to Stay Pending Resolution of OneWest's Motion to Dismiss." (Doc. No.

253) filed September 2, 2010  The court heard argument and statements of counsel on September

14, 2010.

      The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL

894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does,

however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order
> in the court where the action is pending . . . The court may, for good cause, issue an order
> to protect a party or person from annoyance, embarrassment, oppression, or undue burden
> or expense . . . .

Fed. R. Civ. P. 26(a).

      A motion to stay discovery is an appropriate exercise of this court's discretion.  *Landis v.*

*N. Am. Co.*,  299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the

exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2.

Plaintiffs and the other Defendants do not oppose OneWest's request for a stay. However, as to the other defendants remaining in the case, OneWest's motion does not assert any reason for a stay of discovery. While none of the defendants expressed an objection to the stay as proposed by OneWest, none advised the court of any purpose to be served by staying

3

discovery as to all defendants. Since the remaining defendants appear to be postured differently

than OneWest, the stay as to OneWest would not be prejudicial to any other defendant's defense

nor create any burden on any other defendant.

The record establishes, since the plaintiffs do not object to the stay as to OneWest[1], that

there is neither prejudice to Plaintiffs nor additional burden imposed upon them by granting a

stay on the OneWest portion of the case. There is no indication that a stay would inconvenience

the court or harm the public interest or the interests of third persons not parties to the litigation.

Indeed, OneWest suggests that a stay will conserve judicial resources as well as the resources of

the parties and will promote the public's interests in efficient judicial proceedings. The other

parties do not dispute this.

Accordingly, OneWest's "Unopposed Motion to Stay Pending Resolution of OneWest's

Motion to Dismiss" (Doc. No. 253) is GRANTED in part as follows:

1.      Discovery shall be STAYED and current deadlines set forth in the Scheduling

Order as amended on August 2, 2010 VACATED as to Defendant OneWest, only. Such stay

will continue until November 1, 2010 or until ten days following the ruling of the District Court

on "Defendant OneWest Bank FSB's Motion to Dimiss (sic) for Failure to State a Claim for

Relief Pursuant to F.R.C.P. 9(b) and 12(b)(6)" [Doc. No. 153] ("OneWest's Motion to

Dismiss").

---

[1] Plaintiffs voiced no opposition to a stay of discovery in the case as a whole, however
did express a desire to proceed with motions for default judgment against certain of the
defendants.

2.	Within seven days of a ruling on OneWest's Motion to Dismiss, the parties shall file a status report setting forth the need, if any, for further scheduling.

Dated this 14th day of September, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge