IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01988-PAB-KMT

RYAN ARCHER, et al.

    Plaintiffs,

v.

WALLACE DARLING, et al.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) [Docket No. 153] filed by defendant OneWest Bank, FSB ("OneWest"). The motion is fully briefed and ripe for disposition.

**I. BACKGROUND**[1]

This case arises out of plaintiffs' investments in a real estate development called the Little River Ranch Project in Salida, Colorado. In brief, plaintiffs allege that defendant Wallace Darling informed them that the builder of the development was unable to obtain financing. Consequently, defendants asked plaintiffs to apply for construction loans which had interest-only payments. In return, Darling assured plaintiffs that the builder of the homes would repurchase the loans at the cost of the loans plus a guaranteed premium. The builder, however, had no intention of doing so.

---

[1]The Court draws the following facts from the second amended complaint [Docket No. 91] and documents attached thereto.

Darling forged the builder's signature and some of the plaintiffs' signatures on certain repurchase agreements. Ultimately, the construction loans converted into standard loans with much higher monthly payments.

Plaintiffs allege that the institutional and individual defendants failed to disclose their relationship with other defendants and fraudulently induced plaintiffs to purchase real property. Of particular relevance to the present motion, plaintiffs allege that defendant Darling was acting as an agent of IndyMac Bank, and with the other institutional defendants, which "hired [him] to promote the use of their residential loan products to California investors." Docket no. 91 at 11, ¶ 30. Further, plaintiffs allege that IndyMac, if not directly responsible, is at least a successor in interest to a loan issued by Assurity Financial Services, LLC. None of the complaint's general factual allegations or claims for relief refer to OneWest. Instead, plaintiffs allege that OneWest was "formerly known as IndyMac." Docket No. 91 at 8, ¶ 22.

In their second amended complaint, plaintiffs bring thirteen claims for relief arising under state and federal law. The Court exercises original jurisdiction over the claims which rely upon the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).[2]

---

[2] Plaintiffs also allege that this case satisfies the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332(a). However, plaintiffs' citizenship averments are inadequate. *See generally U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206 (D. Colo. July 10, 2009).

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

In their opposition to OneWest's motion to dismiss, plaintiffs contend that, when assessing the adequacy of the allegations, the Court should not grant defendant's motion "unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Supreme Court, however, has abandoned this rule. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). The relevant inquiry now is whether plaintiffs' complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.

2007) (emphasis in original).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

The present motion, however, also implicates the requirements of Federal Rule of Civil Procedure 9(b), which requires that fraud-based claims be pled with particularity. *See* Fed. R. Civ. P. 9(b). Rule 9(b) provides in pertinent part that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See id.* The Tenth Circuit "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203

4

F.3d 1202, 1236 (10th Cir. 2000) (citing *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).[3]

## III. DISCUSSION

Plaintiffs identify IndyMac as one of the entities involved in the alleged scheme and treat OneWest and IndyMac as interchangeable. *See* Docket No. 91 at 8, ¶ 22 (alleging that OneWest was "formerly known as INDYMAC"). In its motion to dismiss, OneWest represents that it is a separate legal entity from IndyMac. Plaintiffs respond that IndyMac is OneWest's "predecessor." Docket No. 159 at 4. Plaintiffs, however, proceed to argue that OneWest's liability arises from the purchase from the FDIC of certain loans that were originally held by IndyMac. It appears, therefore, that plaintiffs agree that OneWest is not the same legal entity as IndyMac.

The complaint alleges that "IndyMac is at least a successor in interest to a loan by [Assurity Financial Services, LLC] and therefore is liable for all of the illegal actions of [Assurity] in the subject transactions as a successor in interest."[4] Docket No. 91 at 22, ¶ 67; *see* Docket No. 91 at 51, ¶ 191 (alleging that Assurity "assigned/sold the loan"

---

[3] *See Koch*, 203 F.3d at 1236-37 ("Rule 9(b)'s purpose is 'to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . .'") (citation omitted).

[4] In regard to IndyMac's alleged misconduct, plaintiffs allege that defendant Darling was acting as an agent of IndyMac, *see* Docket No. 91 at 11-12, ¶ 30 and 18, ¶ 51, and that, in his role as an agent, Darling was "coordinating loans" with IndyMac. *See* Docket No. 91 at 19, ¶ 55. In support of that contention, plaintiffs reference exhibits attached to their complaint. *See* Docket Nos. 91-8, 91-9, 91-10, 91-16; *see also Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."). However, such documents include no reference to IndyMac.

to IndyMac).[5]  The complaint does not allege that OneWest is a successor in interest to IndyMac.  The complaint contains no mention of defendant OneWest other than alleging that OneWest was formerly known as IndyMac.  In short, the complaint alleges that IndyMac is a successor in interest to a loan issued originally by Assurity Financial Services, LLC and that OneWest *is* IndyMac, a contention plaintiffs now appear to abandon.  Relief against OneWest does not plausibly follow from the facts alleged in the Complaint.  Thus, plaintiffs fail to state a claim under Rule 12(b)(6) against OneWest.[6]

Even if the Court were to accept plaintiffs' contention that there are facts supporting the conclusion that OneWest is a successor in interest to IndyMac, such facts are not alleged in the second amended complaint.  Furthermore, in response to OneWest's motion, plaintiffs request leave to amend their complaint in the event the Court concludes that the claims against OneWest must be dismissed.  Plaintiffs, however, have yet to file a motion to amend the complaint, and the Local Rules of this District state that a "motion shall not be included in a response or reply to the original motion."  D.C.COLO.LCivR 7.1C.  There is, therefore, no pending request to amend the

---

[5] Despite alleging that Assurity assigned the loan to IndyMac after the loan closed, plaintiffs also allege that "ASSURITY and/or INDYMAC were negligent in releasing loan proceeds and not performing required inspections to ensure that those funds were used to actually construct a home. . . ." Docket No. 91 at 52, ¶ 196. Plaintiffs allege in their response to the motion to dismiss that IndyMac may in fact have funded the loan.  That contention is not found in their complaint.

[6] Because the Court finds that plaintiffs have failed state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court has no difficulty concluding that the complaint's claims against OneWest, to the extent they sound in fraud, fail to meet Federal Rule of Civil Procedure 9(b)'s more stringent pleading requirements.

complaint requiring the Court's attention.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant OneWest's motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) [Docket No. 153] is GRANTED.  Plaintiffs' claims against defendant OneWest are dismissed.

DATED September 27, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge