IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01988-PAB-KMT

RYAN ARCHER, et al.

    Plaintiffs,

v.

WALLACE DARLING, et al.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on defendant Scott McDowell's motion to set aside [Docket No. 240] the Clerk of the Court's entry of default against him [Docket No. 222]. The motion is fully briefed and ripe for disposition.

Plaintiffs filed this case on August 8, 2008 in the United States District Court for the Southern District of California. *See* Docket No. 1-1. Defendant McDowell waived service of the summons and complaint, but never participated in the litigation. Plaintiffs filed an amended complaint on January 9, 2009. *See* Docket No. 1-34. The Clerk of the Court in the Southern District entered default against Mr. McDowell on May 1, 2009. *See* Docket No. 1-86. However, plaintiffs did not seek entry of default judgment. The case was transferred to this Court on August 21, 2009, and plaintiffs filed a second amended complaint on November 9, 2009, which they mailed to Mr. McDowell. *See* Docket No. 240 at 3, ¶ 8. Plaintiffs filed a motion for entry of default against Mr. McDowell, among other defendants, on May 22, 2010. The Clerk of the Court entered

default on July 7, 2010. See Docket No. 222. Mr. McDowell retained counsel on July 17, 2010, see Docket No. 240 at 3, ¶ 11, and filed the present motion on July 30, 2010 seeking to have the Clerk's entry of default against him set aside.

The Court may set aside an entry of default for good cause. See Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). Id.; Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the defendants' culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entries of default; and (3) whether the defendants have a meritorious defense. See Hunt v. Ford Motor Co., 1995 WL 523646, *3 (10th Cir. Aug. 29, 1995) (unpublished opinion) (citing In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each of these three factors and may consider other factors in its discretion. Id. Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970); see also Katzson Bros., Inc. v. E.P.A., 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is, however, within this Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency. Gomes, 420 F.2d at 1366.

Mr. McDowell is clearly culpable for the entry of default. Indeed, he does not

dispute that he had notice of this case from its initiation in 2008. He does, however, contend that he was undergoing major surgery around the time the case was initiated and that, later, he was confused about the state of the case after its transfer from the United States District Court for the Southern District of California.[1] He also avers that plaintiffs led him to believe that they would work with him to resolve the matter. The Court finds that these factors do not excuse Mr. McDowell's culpability, though they do mitigate it somewhat.

As for the merits of Mr. McDowell's defense, he argues that he had no involvement in or knowledge of the underlying conduct described in plaintiffs' pleadings. In response, plaintiffs rely entirely on Mr. McDowell's position with one of the defendant companies. The Court cannot confidently conclude that entry of default judgment would result in an outcome consistent with an eventual resolution of the matter on the merits. While this factor need not trump all other considerations, the Court finds that it weighs in favor of setting aside the default. *See Bollacker v. Oxford Collection Agency, Inc.*, 2007 WL 3274435, at *3 (D. Colo. Nov. 5, 2007) ("Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.") (citing *Rupliger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Finally, plaintiffs argue that they will be prejudiced by the setting aside of the default because it "will result in increased cost and delay." Docket No. 246 at 2.

---

[1] Mr. McDowell also declares that he was not represented by counsel until he sought advice after the entry of default by the Clerk of this Court. *See* Docket No. 240-1 at 2, ¶ 2. The record, however, includes evidence that his present counsel was assisting him when he waived service of the summons and complaint in 2008. *See* Docket No. 246-1 at 2.

Plaintiffs have reached settlements with many of the defendants in this case. They do not argue, however, that Mr. McDowell's failure to participate impacted those resolutions or that his participation now will disturb them. Rather, plaintiffs focus on the delay and cost his appearance will cause on the final resolution of the matter. The Court takes seriously the disruption caused by Mr. McDowell's participation at such a late stage. Plaintiffs, however, correctly point out that such prejudice can be mitigated by the imposition of conditions on Mr. McDowell. *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (2010); *see also Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir.1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."); *Bizjet Intern. Sales and Support, Inc. v. Aero Toy Store, LLC*, 2008 WL 5083536, at *5 (N.D. Okla. Nov. 26, 2008) (noting that "the Court has discretion to set aside an entry of default on specific conditions" and requiring the posting of $750,000.00 bond); *cf. Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 (recognizing that district courts are afforded "imaginative and flexible use of power to impose conditions on the granting of relief from a default judgment"). In his reply, Mr. McDowell, while not addressing the subject, also raises no objection to the setting aside of the default subject to conditions. Therefore, having weighed the relevant factors, the Court will set aside the default entered against Mr. McDowell but will require him to pay the reasonable attorney's fees and costs incurred by plaintiffs in seeking entry of default against him as well as those

spent on briefing the present motion.[2]

For the foregoing reasons, it is

**ORDERED** that defendant Scott McDowell's motion to set aside the Clerk of the Court's entry of default [Docket No. 240] is GRANTED and the default entered by the Clerk of the Court on July 7, 2010 [Docket No. 222] is SET ASIDE pursuant to Federal Rule of Civil Procedure 55(c) as to defendant Scott McDowell only. It is further

**ORDERED** that defendant Scott McDowell's answer to the second amended complaint [Docket No. 240-2] is accepted for filing. It is further

**ORDERED** that defendant Scott McDowell shall pay the reasonable attorney's fees and costs incurred by plaintiffs in seeking entry of default against him and on opposing his motion to set aside. Plaintiffs and Mr. McDowell shall endeavor to reach a stipulation regarding a reasonable amount and shall seek imposition of the award by joint motion on or before January 21, 2011. If the parties are unable to reach a stipulation, plaintiffs shall file, on or before January 28, 2011, a motion which includes a statement of attorney's fees and costs claimed to have been incurred as a result of seeking default against Mr. McDowell and in responding to his motion to set aside. Mr. McDowell may file a response to that motion on or before February 4, 2011.

---

[2] Although the Court will grant Mr. McDowell's motion, plaintiffs asserted a good faith opposition, something they never would have been required to do but for Mr. McDowell's failure to promptly participate in the litigation.

DATED January 7, 2011.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge