IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01988–PAB–KMT

RYAN ARCHER,
HEATHER ARCHER,
DR. CRAIG CHAN,
HERB GULLINGSRUD,
CAROL GULLINGSRUD,
DAVID HANNA,
COLLEEN HANNA,
DANIEL HOGAN,
DIANE HOGAN,
ROBERT MIHALIK,
PATRICIA MIHALIK,
SUSAN KILLMAN
LARRY NELSON,
ANNETTE NELSON,
LARRY SCOTT,
LYNN SCOTT,
WILLIAM SHANAHAN,
LISE SHANAHAN,
DONNA WOLOSIN, and
JAMES WOLOSIN,

      Plaintiffs,

v.

WALLACE DARLING,
DANA LYNN ROCK,
SCOTT McDOWELL,
LAKEWOOD HILLS INVESTMENTS, LLC,
UNIVERSAL REAL ESTATE INVESTMENTS CORPORATION,
SUNTRUST MORTGAGE, INC.,
QUADSTAR MORTGAGE, LLC, a/k/a NEW COLORADO MORTGAGE, LLC, and
DOES 1-10,

      Defendants.

**ORDER**

This matter is before the court on Larry and Lynn Scott's (hereinafter "the Scotts") "Brief in Support of Request for Attorney Fees (sealed)" [Doc. No. 318, filed December 2, 2010] and "The Law Office of Michael A. Alfred's Reply Brief in Support of Denial of Plaintiffs' Request for Attorney Fees (sealed)" [Doc. No. 324, filed December 13, 2010].

The issue underlying the request for an award of attorney fees arose following filing by Michael A. Alfred of a Motion to Withdraw as Counsel to the Scotts, while carrying on as counsel for the remainder of the plaintiffs. [Doc. No. 282.] The Scotts ultimately hired independent counsel to represent them in opposing Mr. Alfred's withdrawal motion. Ruling on a contested request to withdraw as counsel in a civil case filed in the District of Colorado is, of course, an appropriate application of the Court's jurisdiction.

Underlying the dispute between the Scotts and their attorney, Mr. Alfred, is a contract for legal services between Lynn Scott and Larry Scott as part of a group known as 'Ocean Breeze Consenting Members' and Michael A. Alfred dated November 20, 2008 (hereinafter "Legal Services Contract"). [Doc. No. 302, Ex. 1.] At the time of execution of the Legal Services Contract, all parties were located in the State of California. The contract contained the following provision:

> Any claim arising out of or relating to this Agreement or its breach shall be submitted to binding arbitration upon the written request of one party after the

2

service of that request on the other party.  The sole and exclusive venue for the arbitration and or any legal dispute, shall be San Diego County, California.

[Legal Services Contract at 3.]

In order to determine if sufficient grounds existed to allow Mr. Alfred to withdraw from representation of the Scotts over their objection, it was necessary for this court to construe certain aspects of the Legal Services Contract in light of the status of this Colorado federal case. The court found that Mr. Alfred's claim that the Scotts were not properly compensating him lacked merit based upon the clear language of the Legal Services Contract and that the Scotts were entitled to his continued representation as a member of the plaintiffs' group.  The court also found that the Scotts had not, by virtue of disagreeing with and voting against certain litigation choices, breached their obligations under the same contract such as would allow Mr. Alfred to withdraw from representation.  The court found it noteworthy that decisions relating to case strategy were made largely, if not entirely, by all the plaintiffs' agreement to abide by majority vote.  The Scotts'– or any other plaintiff's – opposition and vote against certain courses of action should be expected in the exercise of such a democratic arrangement and does not constitute obstreperousness or failure to participate in ongoing decision making.

The motion pending before the court at this juncture, however, is one essentially for damages arising out of an alleged breach of the Legal Services Contract – that breach being Mr. Alfred's refusal to continue representation of the Scotts in the Colorado case.  Mr. Alfred also claims breach of the Legal Services Contract, alleging that the Scotts were not performing as required as members of the Ocean Breeze group and that they were the only members who

refused to amend their Legal Services Contract with him to allow for a different compensation

arrangement.  This is clearly a contract dispute at this stage, the attorney's fees being part of the

Scotts' claimed damages, and not one which is appropriate for this Court to resolve.

The Restatement of Conflict of Laws states, in part:

. . . (2) The law of the state chosen by the parties to govern their contractual rights
and duties will be applied, even if the particular issue is one which the parties
could not have resolved by an explicit provision in their agreement directed to
that issue, unless either
> (a) the chosen state has no substantial relationship to the parties or
> the transaction and there is no other reasonable basis for the
> parties' choice, or
> (b) application of the law of the chosen state would be contrary to
> a fundamental policy of a state which has a materially greater
> interest than the chosen state in the determination of the particular
> issue and which, under the rule of § 188, would be the state of the
> applicable law in the absence of an effective choice of law by the
> parties.
(3) In the absence of a contrary indication of intention, the reference is to the local
law of the state of the chosen law.

RESTATEMENT (SECOND) CONFLICT OF LAWS § 187 (2010).

Forum selection clauses are presumptively valid under federal law, and should not be set

aside unless the party challenging the clause demonstrates that enforcement would be

unreasonable and unjust.  *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972).  A

forum selection clause is unreasonable if (1) it was incorporated into the contract as a result of

fraud, undue influence, or overweening bargaining power, *id.* at 12-13, (2) the selected forum is

so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes

be deprived of his day in court," *id.* at 18, or (3) enforcement of the clause would contravene a

strong public policy of the forum in which the suit is brought.  *Id*. at 15.  In order to establish that

a forum selection clause is unreasonable, the non-moving party has the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984). *See also Duffens v. Valenti*, 161 Cal. App. 4th 434, 451-52, 74 Cal. Rptr. 3d 311 (Cal. App. 4 2008) (enforceability of arbitration agreements in service contracts was determined by California law rather than Federal Arbitration Act (FAA), where agreements were entered into in California, they provided for forum in California and determination of enforceability of any arbitration award under California law, and they stated that agreement as whole was to be governed by California law).

This court declines the invitation to usurp the intent and agreement of the Scotts and Mr. Alfred to decide issues solely relating to the contract between the parties by arbitration in California.  This matter is properly brought, if at all, either in a separate action in a California state court or before a California arbitrator.

Therefore, it is ORDERED

Larry and Lynn Scott's (hereinafter "the Scotts") Motion and "Brief in Support of Request for Attorney Fees (sealed)" [Doc. No. 318] is DENIED without prejudice.

Dated this 9th day of March, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

5