IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01988-PAB-KMT

RYAN ARCHER, et al.,

      Plaintiffs,

v.

WALLACE DARLING, et al.,

      Defendants.

---

**ORDER**

---

This matter is before the Court *sua sponte*.  In their second amended complaint [Docket No. 91], plaintiffs bring thirteen claims for relief arising under state and federal law.  The Court exercised original jurisdiction over the claims which relied upon the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).  All of the defendants against which plaintiffs brought their RESPA claims have been dismissed from this action, leaving only state law claims.

While plaintiffs also alleged that this case satisfied the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332(a), the Court previously noted, *see* Docket No. 267 at 2, n.2, that plaintiffs' citizenship averments are inadequate.  *See generally U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206 (D. Colo. July 10, 2009).  Plaintiffs have not sought to amend their complaint to cure that deficiency, but instead now contend that the "Court

exercises supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a)." Docket No. 332 at 4.

As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997). In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

A court's exercise of discretion, it would seem, is limited to determining whether compelling reasons justify retaining jurisdiction. In *Kosak v. Catholic Health Initiatives of Colo.*, No. 08-cv-01505-CMA-MJW, 2009 WL 3497782 (D. Colo. Oct. 28, 2009), the court retained supplemental jurisdiction over state claims, weighing the "values of judicial economy, convenience, fairness, and comity," and granted summary judgment on all the pending federal and state claims. *Id.* at *7-8 (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). The *Kosak* court concluded that, "[i]f this Court remands the action and does not address the substantive merits of the summary judgment motion – a motion on which the Court is otherwise

2

prepared to rule – both parties would be disadvantaged by the inevitable delay that would almost certainly result from remand." *Id.* at *8. In this case, where default has entered against certain parties and the Court is prepared to rule on pending summary judgment motions on state law claims, such traditional considerations of judicial economy might justify the exercise of supplemental jurisdiction. Recent opinions of the Tenth Circuit, however, appear to foreclose the Court from considering such factors as compelling reasons to retain jurisdiction. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010); *Endris v. Sheridan County Police Dep't*, 2011 WL 441694 (10th Cir. Feb. 9, 2011) (unpublished).

In *Brooks*, after reaffirming that courts have discretion to determine whether to exercise supplemental jurisdiction after dismissal of all federal claims, the court affirmed the district court's dismissal of the federal claims but reversed the district court's granting of summary judgment on state law claims. *See Brooks*, 614 F.3d at 1230. Arguably, the *Brooks* decision was motivated by the fact that a potentially difficult question of state law was presented by the case. *See id.* (concluding that the state law claims were best left to the state court "including whether Colorado Revised Statute § 13-80-119 and/or § 18-1-707, as applied specifically to peace officers, require either objective or subjective reasonable force"). But, since the *Brooks* decision, the Tenth Circuit concluded in *Endris* that "any state-law claims for assault and battery or mental and emotional distress were *inappropriate* subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed." *Endris*, 2011 WL 441694, at *2 (citing *Brooks*, 614 F.3d at 1229) (footnote omitted) (emphasis added). The *Endris*

3

court made no mention of either the complexity or novelty of those state law claims. Furthermore, and in any event, complexity and novelty are independent bases for declining to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(1).

In short, it is far from clear what, if any, discretion the Court retains to exercise jurisdiction over the state law claims in this case.  At least one commentator has stated that "there is a substantial caselaw, handed down in a variety of situations, suggesting in the aggregate that [when § 1367(c)(3) applies] judicial discretion is a particularly important element.  Here the 'may' in 'may decline' has a major role to play."  *See* David D. Siegel, *Commentary on 1988 Revision: The 1990 Adoption of § 1367, Codifying "Supplemental" Jurisdiction*, 28 U.S.C.A. § 1367, at 766 (2006).[1]  However, the Tenth Circuit's application of § 1367(c)(3) in *Brooks* and *Endris* suggests precisely the opposite is true.  In the wake of those Tenth Circuit decisions, the Court concludes that where, as here, federal claims have been dismissed well before trial, the potential delay in resolution of the state law claims resulting from their dismissal without prejudice is not a compelling reason to retain jurisdiction.[2]

---

[1]*See id.* ("The House Report of the Committee on the Judiciary (Report 101-734, p. 29) said of subdivision (c) that it requires the district court, in exercising discretion, to undertake, as it did under prior law, 'a case-specific analysis.'").

[2]*See Brooks*, 614 F.3d at 1230 ("Colorado law recognizes if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, the plaintiff may refile those claims in state court.*)* (citations, quotation marks and alterations omitted); *see* 28 U.S.C. § 1367(d) (providing that the state law statute of limitations "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

4

Therefore, it is

**ORDERED** that the remaining state law claims are DISMISSED without prejudice.  It is further

**ORDERED** that plaintiff's motion for summary judgment [Docket No. 332] is DENIED as moot.  It is further

**ORDERED** that defendant Scott McDowell's motion for summary judgment [Docket No. 338] is DENIED as moot.  It is further

**ORDERED** that defendant Dana Lynn Rock's motion for summary judgment [Docket No. 369] is DENIED as moot.


DATED May 6, 2011.

                                        BY THE COURT:


                                         s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge